IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Manor Care, Inc.,

        Plaintiff,                                   Case No. 3:03CV7186

        v.                                            ORDER

First Specialty Insurance Corporation,

        Defendant,

  and

United National Insurance Company,

        Intervenor-Defendant

This is a declaratory judgment action. Plaintiff Manor Care, Inc., (Manor Care) seeks a determination of its rights under its insurance agreement with the defendant, First Speciality Insurance Corporation (First Specialty).

Jurisdiction exists pursuant to 28 U.S.C. § 1332.

Pending is defendant-intervenor United National Insurance Company's (United National) motion for clarification as to how this Court's July 17, 2006, Order specifically applies to its motion for summary judgment and joinder in First Specialty's motion.

**Background**

Manor Care owns and operates assisted living facilities throughout the United States. Until June 1, 2000, it purchased insurance policies from First Specialty, under which First Specialty agreed to assume Manor Care's liability for each "triggering event" in excess of a $500,000 "Self-Insured Retention" (SIR) up to an aggregate amount of $25 million in total for all claims made under

the policy. The plaintiff, subsequently, filed claims under the policy, but received less than it believed the policy provided; it sued First Specialty for breach of contract.

The parties filed counter-motions for summary judgment. On July 17, 2006, I entered an order holding:

> 1. First Specialty's motion for a declaration that only an "occurrence," as defined in the policy, triggers coverarge shall be, and the same hereby is granted;
>
> 2. First Specialty's motion for a declaration that SIRs apply to insurance claims on a per "occurrence" basis, as defined in the policy, shall be, and the same hereby is granted as provided herein;
>
> 3. Manor Care's motion for a declaration that First Specialty is responsible for "all sums," as described in *Goodyear* [*Tire & Rubber Co. v. Aetna Cas. & Surety Co.*, 95 Ohio St.3d 512, 516 (2002)], shall be, and the same hereby is denied;
>
> 4. First Specialty's motion for equitable allocation of settlement damages shall be, and the same hereby is held in abeyance pending further briefing; and
>
> 5. First Specialty's motion for summary judgment on plaintiff's breach of good faith with respect to claims handling procedures shall be, and the same hereby is denied.

Order of July 17, 2006 (Doc. 78).

Defendant-intervenor United National also filed pleadings at the summary judgment stage, specifically joining in First Specialty's motion while articulating its views individually. In that motion, United National requested that I declare: 1) "Coverage under the policies is triggered by an occurrence which requires injury during the policy period;" 2) "[t]he $500,000 retention applies per occurrence as plainly stated in the endorsement creating the retention, and not per underling suit as Manor Care maintains;" and 3) "Manor Care cannot establish that each of the nine test cases was the result of a single, proximate, uninterrupted, and continuing cause, and, accordingly, multiple retentions must apply." United National's Motion for Summary Judgment (Doc. 55) at iv.

I did not directly reference United National's pleadings in my July 17, 2006, Order. It has, consequently, filed a motion requesting that I clarify the Order's effect with respect to their motion for summary judgment.

The July 17th Order specifically addresses United National's first two claims, granting both of them. *See* Doc. 78 at 12. That Order remains the law of the case and, accordingly, disposes of those issues in United National's favor. *U.S. v. Todd*, 320 F.2d 399, 403 (6th Cir. 1990) (citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988)).

Second, I also implicitly addressed United National's third claim in the Order, noting that it was premature to consider factual issues at this stage and, accordingly, I would consider only the meaning of the policy's provisions. *See* Doc. 78) at 3. To the extent I did not specifically reference United National's third claim, I rectify the oversight now: issues of fact remain with respect to whether the test plaintiffs' injuries were the result of a single, proximate cause or multiple ones. Summary judgment is, accordingly, inappropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

**Conclusion**

In light of the foregoing, it is, therefore,

ORDERED THAT:

1. United National's motion for a declaration that only an "occurrence," as defined in the policy, triggers coverage shall be, and the same hereby is granted as provided in the July 17, 2006, Order (Doc. 78);

2. United National's motion for a declaration that SIRs apply to insurance claims on a per "occurrence" basis, as defined in the policy, shall be, and the same hereby is granted as provided in the July 17, 2006, Order (Doc. 78);

3. United National's motion for summary judgment with respect to whether the test plaintiffs can establish that their injuries were the result of a single, proximate cause shall be, and the same hereby is denied.

So ordered.

                                                s/James G. Carr
                                                James G. Carr
                                                Chief Judge