IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Manor Care, Inc.,

        Plaintiff,                                    Case No. 3:03CV7186

        v.                                            ORDER

First Specialty Insurance Corporation,

        Defendant.

This is a declaratory judgment action whereby plaintiff Manor Care, Inc. seeks a determination of its rights and claims coverage under its insurance policy with the defendant First Speciality Insurance Corporation.

Jurisdiction exists pursuant to 28 U.S.C. § 1332.

Pending is plaintiff's timely motion for certification of an interlocutory appeal pursuant to 28 U.S.C. §1292(b). Alternatively, plaintiff's request for Rule 54(b) certification and a related stay of further proceedings. Upon careful review of the arguments presented by both parties the plaintiff's motion is denied.

**Background**

On July 17, 2006, I entered an order addressing counter-motions for summary judgment filed by the parties. I granted defendant's motion for a declaration that only an "occurrence" as defined within the policy triggers coverage, and further granted defendant's motion that self insured retentions (SIRs) apply to insurance claims on a per "occurrence" basis as defined within the policy.

I denied plaintiff's motion for a declaration that defendant is responsible for "all sums" as

described within *Goodyear Tire & Rubber Co. v. Aetna Cas. & Surety Co.,* 95 Ohio St.3d 512, 516 (2002), and denied defendant's motion for summary judgment on plaintiff's breach of good faith with respect to plaintiff's claims handling procedures.

Finally, I held defendant's motion for equitable allocation of settlement damages in abeyance pending further briefing. Plaintiff now seeks leave to appeal that order.

## Discussion

### I. Timeliness

The issue of timeliness of plaintiff's motion for certification was raised *sua sponte* during a pre-trial conference. All Rule 59(e) motions "must be filed no later than 10 days after entry of the judgment." *Johnson v. Dellatifa,* 357 F.3d 539, 542 (6th Cir. 2004). The rule that a party must act in less than 11 days requires the exclusion of the day of filing, and any Saturdays, Sundays and legal holidays from the computation of time. *Id.*(citing *GenCorp., Inc. v. Am. Int'l. Underwriters,* 178 F.3d 804, 832 n. 25 (6th Cir. 1999)); Fed.R.Civ. P. 6(a). The order which plaintiff seeks to appeal was filed on July 17, 2006, and plaintiff's motion requesting certification was timely filed on July 31, 2006.

### II. Interlocutory Appeal

Interlocutory appeals before the end of district court proceedings are the exception, not the rule. *Johnson v. Jones,* 515 U.S. 304, 309 (1995). Interlocutory appeals should be used "only in exceptional cases where a decision of the appeal may avoid protracted and expensive litigation, as in antitrust and similar protracted cases, where a question which would be dispositive of the litigation is raised and there is serious doubt as to how it should be decided." *Kraus v. Bd. Of County Road Commissioners for the County of Kent,* 364 F.2d 919, 921 (6th Cir. 1966)(quoting *the*

*report of the Senate Judiciary Committee,* U.S. Code Congressional and Administrative News, 85th Congress, 2d Sess., 1958, pp. 5256-57).

To appeal an issue under §1292(b) the moving party must demonstrate 1) the issue concerns a controlling question of law; 2) there exists substantial grounds for difference of opinion on that issue; and 3) immediate appeal would materially advance the ultimate termination of the litigation. *In Re City of Memphis,* 293 F.3d 345, 350 (6th Cir. 2002).

### A. Controlling Question of Law

A legal issue is controlling if it could materially affect the outcome of the case. *In re City of Memphis,* 293 F.3d at 351 (citing *In re Baker & Getty Fin. Servs., Inc. v. Nat'l. Union Fire Ins. Co.,* 954 F.2d 1169, n. 8 at 1172 (6th Cir. 1992)). Under this broad standard plaintiff's burden is met.

### B. Substantial Ground for Disagreement

This court's order of July 17, 2006, applied well settled, controlling, and binding precedent to the issues raised. Plaintiff motion for certification presents the same arguments previously ruled on by this court. Plaintiff clearly disagrees with this court's ruling, however this does not rise to the level of substantial disagreement. "An interlocutory appeal assuredly does not lie simply to determine the correctness of a judgment of liability." *Clark-Dietz & Assoc. Eng'rs. Inc. v. Basic Construction Co.,* 702 F.2d 67, 68 (5th Cir. 1983) (citing 28 U.S.C. §1292(a)(3) (1976)). For this reason I find this burden is not met.

### C. Material Advancement of the Ultimate Termination of this Litigation

Neither party cites to authority to support their position with regard to whether certification of the appeal would materially advance termination of this litigation. Plaintiff's sur-reply concedes that the sole benefit of granting the request for § 1292(b) certification would be to save the district court time. This does not rise to the level of an "exceptional case" where an intermediate appeal would avoid protracted and expensive litigation. *Kraus,* 364 F.2d at 922.

Section 1292(b) certification is reserved for the rare case where exceptional circumstances are fully demonstrated. This case does not rise to that level and therefore plaintiff's request must be denied.

### III. Rule 54(b) Request and Related Stay

Rule 54(b) requires the district court to make two independent findings: 1) entry of final judgment as to fewer than all the claims; and 2) an express determination that there is no just reason for delay of appellate review. *General Acquisition, Inc. v. Gencorp., Inc.,* 23 F.3d 1022, 1026 (6th Cir. 1994).

Rule 54(b) is not to be used routinely or as a courtesy or accommodation to counsel. *Corrosioneering, Inc. v. Thyssen Environmental Systems, Inc.,* 807 F.2d 1279, 1282 (6th Cir. 1986) (quoting *Curtiss-Wright v. General Electric Co.,* 446 U.S. 1, 10, (1980)); *Panichella v. Pennsylvania Railroad Co.,* 252 F.2d 452, 455 (3d Cir. 1958). The power which this Rule confers upon the trial judge should be used only in "the infrequent harsh case as an instrument for the improved administration of justice. . . ." *Panichella,* 252 F.2d at 455.

I find defendant's argument persuasive that plaintiff seeks monetary and declaratory relief, both remedies based on a single aggregate of operative fact, and therefore a single claim for purposes of appellate jurisdiction. *See Daleure v. Commonwealth of Kentucky,* 269 F.3d 540,

543 (6th Cir. 2001) (plaintiff made only a single claim where different theories of damages were asserted for the same underlying injury based on the same operative facts). The order of July 17, 2006, therefore does not terminate all the issues presented, and is not "final" as required by Rule 54(b). Further, plaintiff has failed to demonstrate reasons for departure from the normal course of litigation.

In light of the foregoing, it is, therefore,

ORDERED THAT plaintiff's motion for certification under 28 U.S.C. § 1292(b), or, in the alternative, certification under Fed. R. Civ. P. 54(b) be, and the same hereby is denied.

A scheduling conference is set for November 17, 2006 at 1:30 p.m..

So ordered.

>s/James G. Carr
> James G. Carr
> Chief Judge